(No. 85-CC-1082

JAMES BOLDIAN, a minor, by his Mother & Next Friend SHELIA BOLDIAN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed June 1, 1994.*

HARVEY L. WALNER & ASSOC. (JONATHAN WALNER, of counsel), for Claimant.

ROLAND W. BURRIS, Attorney General (JAN SCHAFFRICH, Assistant Attorney General, of counsel), for Respondent.

## OPINION

JANN, J.

Claimant James Boldian, a minor born January 24, 1973, was injured when he ran into the street and was struck by a University of Illinois police car on November 26, 1982. A hearing on the matter was conducted by the Commissioner on March 2, 5, and 6, 1990. Respondents filed a brief June 23, 1993. Claimant did not file a brief. Preparation and delivery of transcripts caused a considerable delay in submission of the brief and resulting Commissioner's report.

### Facts

The incident occurred between 5 and 6 p.m. on November 26, 1982 in the 1300 block of Taylor Street between Ada and Throop Streets in Chicago, Illinois. Taylor Street runs east and west with one lane of traffic in each direction and parking on both sides of the street. There were sidewalks on both sides of Taylor Street. There was low-rise public housing on the north side of Taylor and vacant lots and the L & M Liquor store on the south side of the street.

On the date of the accident, Claimant was nine years and two months old. His mother sent him to the L & M Liquor store to purchase a loaf of bread for dinner. Claimant was wearing a navy blue snowsuit with a large fur-trimmed hood. Claimant had been sent to the store on other occasions. His mother had warned him to watch for cars before crossing the street. Claimant did not use the crosswalk to cross the street.

Bobby Smith, a nine-year veteran of the University of Illinois police force, was proceeding eastbound on Taylor Street as Claimant exited the L & M Liquor store to cross Taylor Street. Smith had his headlights on as it was dark and was traveling at 15-25 miles per hour. The posted speed limit is 20 miles per hour.

Smith saw Claimant exit the store. At that time, Claimant was 15 to 20 feet from the front of the vehicle. Smith applied his brakes to slow the vehicle. Smith testified he lost sight of Claimant when he ran between two parked cars but reapplied his brakes to avoid the child as he darted into the street. Smith's vehicle was nearly stopped when it struck Claimant in the lower right leg.

Claimant was taken to the University of Illinois Hospital where he was held for observation until November 29, 1982. The discharge summary indicates there were no bruises, abrasions, hematomas or other signs of trauma. He had complained of pain in his right leg and left side. A hospital bill in the amount of $1,943.25 was introduced into evidence. The bill was paid by the Illinois Department of Public Aid. Claimant received no permanent injuries resulting from the incident.

Claimant's witness Earl Jones gave testimony in a deposition and at the hearing. Mr. Jones witnessed the accident from directly across the street where Claimant

walked into traffic. Mr. Jones stated the Respondent's auto skidded and left skid marks. Mr. Jones' testimony was rebutted by both of Respondent's employees. He also estimated Smith's speed at 30-40 miles per hour. However, Mr. Jones' memory was much less clear regarding his own actions just prior to the accident.

Claimant testified he did not have a clear view of the street as he could not see over/around the parked cars before he stepped into the street. Claimant heard the Respondent's brakes before he felt impact.

Smith and his partner, Raymond Barrera, testified at hearing. Smith testified that he was on patrol duty at the time of the accident. He was aware that the area had a public housing development and a liquor store on either side of Taylor Street. He stated he saw Claimant exiting the liquor store with a bag in his hand. Smith began braking his vehicle. Claimant was running and disappeared from Smith's view when he ran between two parked cars. Smith did not see Claimant look both ways before entering traffic and only caught sight of him again when he exited from between the cars. Smith braked hard but was unable to avoid hitting Claimant with his right front bumper. Claimant flew over the hood and got up running. Smith pursued Claimant, laid him down and put a blanket under his head while his partner called paramedics. Chicago police were also called and responded.

Mr. Barrera also testified that Claimant ran out of the store and momentarily disappeared between parked cars. Barrera warned Smith to "look out" for Claimant resulting in braking the patrol car. Mr. Barrera's testimony was primarily evoked through refreshing his recollection of a deposition given shortly after the incident.

Law

Claimants must prove by a preponderance of the evidence that Respondents' negligent acts proximately caused Claimant's injuries. While it is true that persons driving vehicles within the State of Illinois have an obligation to maintain a lookout for minor children and other pedestrians, especially in areas where children are known to frequent, not every collision between an auto and a minor child should automatically impute liability to the driver. It is clear from the minor injuries sustained by Claimant that the Respondents' vehicle was traveling at a very slow rate of speed. Claimant's testimony indicates he did not look to ascertain whether cars were approaching or disregarded the approach of Respondents' vehicle before proceeding into the street. Claimant chose to cross the street in contravention of traffic laws at mid-block. He had been warned by his mother to watch for cars and had made this trip repeatedly in the past. At nine years of age, his mother felt he was able to handle this task and understand the risks involved.

We hereby find Claimant's acts were the direct and proximate cause of his injuries. Claimant has failed to prove that Respondents have breached a duty resulting in Claimant's injury. Claimant ran from between parked cars into traffic and made an accident unavoidable.

This claim is hereby denied.